UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| NELES-JAMESBURY, INC., | ) ) |
| Defendant. | ) ) |

Civil Action No. 1:21-cv-

## COMPLAINT FOR DECLARATORY JUDGMENT

## INTRODUCTION

1. The Plaintiff, The Continental Insurance Company ("Continental") hereby seeks declaratory relief as to whether it has a duty to defend the Defendant, Neles-Jamesbury, Inc. ("NJI") against underlying asbestos-related bodily injury claims arising out of or related to products manufactured by Jamesbury Corporation, a predecessor of NJI. Continental never insured NJI or Jamesbury Corporation. Instead, it insured Neles, Inc. ("Neles"), a NJI predecessor company unrelated to Jamesbury Corporation, under two primary liability insurance policies in effect between 1986 and 1987 ("the Neles Policies").

2. NJI concedes that the underlying asbestos bodily injury claims are not related to Neles or its products, but nevertheless contends Continental is obligated to defend NJI against those claims under the Neles Policies.

3. Continental disagrees with NJI and asks the Court, pursuant to 28 U.S.C. §§2201 and 2202, to enter judgment that: (a) Continental has no duty to defend NJI under the Neles Policies with respect to the Underlying Claims; and (b) to establish the existence of a duty to defend under the Neles Policies, NJI must demonstrate that an Underlying Claim alleges liability

arising out of the products or operations of Neles.  Continental also seeks the other and further relief described herein.

## THE PARTIES

4.      Continental is an insurance company organized under the law of Pennsylvania with a principal place of business in Chicago, Illinois.

5.      NJI is a corporation organized in 2009 under the laws of the State of Delaware, with a principal place of business in Shrewsbury, Massachusetts.

6.      NJI is the successor by merger to the liabilities of Jamesbury, Neles and other entities.  Jamesbury was a Massachusetts corporation, organized in 1954, that manufactured industrial valves, including valves containing asbestos materials.  Neles was a New York corporation, organized in 1975, that also manufactured valves.  No Neles valves contained asbestos.

7.      On January 1, 1990, Neles merged with Jamesbury, with Jamesbury as the surviving corporation.  Upon that merger, Neles ceased to exist as a legal entity.  Jamesbury thereafter changed its name to Neles-Jamesbury, Inc. (referred to herein as NJI-MA").

8.      Effective December 22, 2009, NJI-MA merged into NJI, with NJI as the surviving corporation.  Upon that merger, NJI-MA ceased to exist as a legal entity.

## JURISDICTION AND VENUE

9.      Complete diversity of state citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court therefore has subject matter jurisdiction over this dispute under 28 U.S.C. §1332(a)(1).

10.     The Defendant NJI resides in the District of Massachusetts.

11. A substantial part of the events or omissions giving rise to the claims between the parties stated herein occurred in the District of Massachusetts.

12. Venue is appropriate in the District of Massachusetts pursuant to 28 U.S.C. §1391(a)(1) and (2).

## THE NELES POLICIES

13. Prior to its 1990 merger with Jamesbury, Neles purchased the following two primary general liability insurance policies from Continental ("the Neles Policies"):

| Policy No. | Policy Period |
|---|---|
| RHL 2447386 | April 24, 1986 – April 24, 1987 |
| RHL 1083462 | April 24, 1987 – April 24, 1988. |

14. During the policy periods the Neles Policies were in effect, Neles was a separate entity from Jamesbury, with its own separate and distinct operations, products and liabilities.

15. The only named insured under the Neles Policies was Neles, Inc.

16. The Neles policies limit the persons or entities insured under the Neles Policies to Neles itself and "any executive officer, director or stockholder [of Neles] while acting within the scope of his [or her] duties as such."

17. The Neles Policies grant insurance coverage and include an obligation to defend only those entities and persons that fall within their definition of "persons insured."

18. NJI is not a "person insured" under the Neles policies and has no right to insurance coverage under those policies except in its limited capacity as the successor to Neles.

## THE UNDERLYING CLAIMS

19. NJI currently is a named defendant in numerous lawsuits alleging bodily injury resulting from exposure to asbestos ("the Underlying Claims").

20. No complaint stating an Underlying Claim against NJI mentions Neles, products manufactured by Neles or any claim of injury resulting from the products, operations or other activity of Neles.

21. No such underlying complaint alleges that NJI's liability arises out of or is in any way related to Neles.

22. No product manufactured or sold by Neles contained or incorporated asbestos or any asbestos-containing material.

23. The liabilities alleged against NJI in the underlying claims do not relate in any way to the former Neles, the entity insured under the Continental policies.

24. Since 2007, Continental, subject to a full reservation of its right to dispute coverage and/or the existence of a duty to defend, has contributed a negotiated share of NJI's cost to defend the Underlying Claims in accordance with the terms of a written agreement between Continental and NJI-MA ("the Agreement").  The balance of those costs have been paid by NJI itself and/or certain insurers of Jamesbury Corporation.

## **COUNT I**

25. Continental repeats and incorporates as if fully set forth herein the allegations of paragraph 1 through 24 above.

26. An immediate and justiciable controversy exists between Continental and NJI as to whether Continental has a duty to defend NJI under the Neles Policies with respect to the Underlying Claims.

27. Continental has no duty to defend NJI because the Underlying Claims do not allege liability arising out of or in any way connected with the products, operations or other activities of Neles, Inc.

28. Continental therefore is entitled to a declaratory judgment that it has no duty to defend NJI with respect to the Underlying Claims.

## COUNT II

29. Continental repeats and incorporates as if fully set forth herein the allegations of paragraphs 1 through 28 above.

30. An immediate and justiciable controversy exists between Continental and NJI as to whether Continental has a duty to defend NJI with respect to the Underlying Claims.

31. Continental has no duty to defend NJI because the asbestos-related liabilities alleged in the Underlying Claims do not arise out of the products, operations or other activities of Neles.

32. Continental therefore is entitled to a declaratory judgment that it has no duty to defend NJI with respect to the Underlying Claims.

## COUNT III

33. Continental repeats and incorporates as if fully set forth herein the allegations of paragraphs 1 through 32 above.

34. To the extent that the Court determines Continental does have a duty to defend any Underlying Claim, an actual controversy exists between Continental and NJI as to whether that duty should be terminated because, as a matter of law, the asbestos liabilities alleged do not arise out of the products, operations or other activities of Neles.

35. Continental is entitled to a judgment declaring that any duty to defend NJI with respect to the Underlying Claims is terminated because the liabilities at issue do not arise out of or related to the products, operations or other activities of Neles and present no possibility of coverage under the Neles Policies.

## **RELIEF REQUESTED**

For the foregoing reasons, Continental hereby requests that the Court enter declaratory judgments that:

1. Continental has no duty to defend NJI with respect to any of the Underlying Claims; and

2. Any Continental duty to defend that is determined to exist has been terminated because there exists no possibility of coverage for NJI under the Neles policies.

Continental also requests that the Court grant such other further and supplemental relief as is just and appropriate.

Respectfully submitted,

THE CONTINENTAL INSURANCE COMPANY,
By its attorney,

*/s/ Kevin J. O'Connor*
Kevin J. O'Connor, BBO No. 555249
koconnor@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Suite 701
Boston, MA  02110-3113
(617) 728-0050

Dated:  October 29, 2021
h0212623.docx